**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Neelu Pal,

      Plaintiff

v.

Jaclyn Hafter, et al.,

      Defendants

Case No.: 2:20-cv-01257-JAD-DJA

**Order Staying Proceedings under *Colorado River* and Denying Defendants' Motions to Dismiss and to Stay Discovery**

[ECF Nos. 6, 12]

Pro se plaintiff Neelu Pal seeks the return of attorneys' fees that she claims were wrongfully retained by her former counsel, the now-deceased Jacob Hafter.[1]  This dispute—which has grown to include Hafter's estate and its trustees, both current and planned family trusts, his family members, and the Hafters' counsel—started in state court nearly eight years ago, when Hafter sued Pal for allegedly failing to pay him.[2]  That action is currently pending in the Nevada Court of Appeals.[3]  But Pal, seemingly frustrated by that litigation's pace and her prospects for recovery, filed a complaint in this court, seeking injunctive relief and damages for the defendants' alleged conversion of her money, fraudulent transfers of funds, conspiracy, and unjust enrichment.[4]  Because this case has an extensive and ongoing history in state court, I ordered the parties to show cause[5] whether exceptional circumstances warrant a stay of this

---

[1] ECF No. 1 (complaint).

[2] *See id.* at ¶ 14.

[3] *See* ECF No. 26-1 at 1; *see also Pal v. Estate of Jacob Hafter*, Nos. 67473, 67473-COA, 80478-COA (Nev. Ct. App. Oct. 28, 2020).

[4] *See* ECF No. 1.

[5] ECF No. 24 (order to show cause).

1  action under the abstention doctrine articulated in *Colorado River Water Conservation District v.*

2  *United States*.[6]  Having considered the parties' arguments,[7] I stay this case.

3                                                **Background**

4         As Pal puts it, "there is nothing routine" about her "peculiar"[8] and lengthy dispute with

5  the defendants.  In 2013, Hafter sued his former client, Pal, in Nevada state court, alleging that

6  she failed to pay him attorneys' fees.[9]  Pal counterclaimed against Hafter, arguing that he "acted

7  in violation of the law, his duties as an attorney[,] and in breach of the contract when he

8  coercively obtained an amount of money in excess of $40,000" from her.[10]  The state court

9  granted summary judgment against Pal for Hafter, holding that Pal breached their agreement,

10 awarding Hafter $100,268.75, and dismissing Pal's counterclaims.[11]  But the Nevada Court of

11 Appeals partially reversed that order, finding that the district court erred by "determin[ing] the

12 amount of fees" owed to Hafter and dismissing Pal's counterclaims.[12]  In light of the appellate

13

14 [6] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

   [7] ECF Nos. 25, 26.

15 [8] ECF No. 26 at 6–7.

16 [9] ECF No. 1 at ¶ 14.  In the pending motions and briefing before me, the parties ask me to
   consider state-court orders, filings, and records fleshing out further facts in this matter.  *See, e.g.*,
17 ECF Nos. 6 at 5 (motion to dismiss); 25 at 12; 26-1.  When ruling on a Federal Rule of Civil
   Procedure 12 motion, a court may generally consider only allegations contained in the pleadings,
18 exhibits attached to the complaint, and matters properly subject to judicial notice.  *Swartz v.*
   *KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Facts properly subject to judicial notice are
19 those that cannot be reasonably disputed and are capable of accurate and ready determination.
   Fed R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  Court
20 records—including the filings, pleadings, and orders both parties attach here—are subject to
   judicial notice.  *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (taking judicial
21 notice of court records in another matter); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.
   1980).  I thus consider them in this order.

22 [10] ECF Nos. 6 at 38; 1 at ¶ 15–16.

23 [11] ECF No. 6 at 43.

   [12] *Id.* at 52–54.

                                                    2

1 court's ruling, Pal took the position that she'd already paid Hafter and that the district court

2 should order restitution.[13]

3       At this point, the litigation's course took a murky turn.  Pal voluntarily dismissed her

4 counterclaims against Hafter, arguing that the state court lacked jurisdiction to hear them.[14] And

5 Hafter died, requiring his estate to continue litigating his claims against Pal.[15]  Seemingly

6 realizing that she no longer had a live claim in the dispute, Pal attempted to revive her

7 counterclaims, seeking damages from the defendants for their retention of her money and their

8 "fraud [sic] conversion, unjust enrichment[,] etc."[16]  But the state court was unsympathetic to her

9 plight and denied her motion and her request for restitution, holding that that the "only remaining

10 issue for adjudication in this matter is the amount owed to HafterLaw under the parties'

11 contract."[17]  When the estate declined to prosecute Hafter's suit (and the case was dismissed with

12 prejudice),[18] Pal was left in legal limbo—believing that she deserved restitution, but lacking a

13 vehicle to demand it.

14       So Pal sought to intervene in various state probate matters and federal insurance disputes

15 as a creditor-claimant and intervenor, seeking restitution of the fees she allegedly paid Hafter.[19]

16 Those efforts were largely rejected.[20]  She also appealed the district court's order, asking the

17 Nevada Supreme Court to reverse the denial of her motion to file amended counterclaims and to

18

---

19 [13] ECF Nos. 1 at ¶ 20; 26 at 1–2.

    [14] ECF No. 6 at 170.

20 [15] ECF No. 1 at ¶ 23.

21 [16] ECF No. 6 at 167.

    [17] *Id.* at 170.

22 [18] ECF No. 1 at ¶ 25.

23 [19] *See, e.g.*, ECF No. 6 at 183, 185, 187, 200, 230, 265, 284.

    [20] *Id.* at 210, 213, 215, 220, 281, 300.

order the defendants "to return to [Pal] her money, along with applicable interests and costs, after a dismissal of [their] claim/complaint with prejudice."[21]  That appeal is currently pending.[22] Shortly thereafter, Pal also sought relief in this court, again requesting the return of the fees she paid Hafter, while also seeking injunctive relief and damages for the defendants' alleged retention and transfer of her funds from Hafter's estate.[23]

The defendants moved to dismiss Pal's federal complaint[24] and stay discovery,[25] broadly arguing that Pal is judicially estopped from suing in this court and that her claims are barred by the statute of limitations and insufficiently pled under Federal Rule of Civil Procedure 12(b)(6). Upon reviewing that motion, I asked the parties to show cause whether I should stay these proceedings under *Colorado River*'s abstention doctrine, given the extensive, similar litigation currently pending in state court.[26]  The defendants argue that I should not stay but instead dismiss Pal's complaint under *Colorado River*;[27] Pal argues that her federal and state cases are dissimilar, and a stay is unwarranted.[28]

---

[21] *Pal v. Estate of Jacob Hafter*, Nos. 67473, 67473-COA, 80478-COA (Nev. Ct. App. Oct. 28, 2020); ECF No. 1.  This matter has been referred to the Nevada Court of Appeals.  ECF No. 26-1.

[22] ECF No. 26-1.

[23] ECF No. 1; *see also* ECF No. 25 at 12.

[24] ECF No. 6.

[25] ECF No. 12.  While the defendants cited *Colorado River* in their motion to stay discovery, they did not seek *Colorado River* abstention.  *Id.* at 2.  Instead, they asked me to exercise my discretion to stay the case, pending resolution of their motion to dismiss.  *Id.*

[26] ECF No. 24.

[27] ECF No. 25.

[28] ECF No. 26.

4

**Discussion**

**I.     *Colorado River* abstention**

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings."[29]  Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[30]  The Ninth Circuit directs courts to consider eight factors when deciding whether to stay or dismiss under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether state court proceedings will resolve all issues before the federal court.[31]

The decision to abstain under *Colorado River* "does not rest on a mechanical checklist;" it instead requires "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[32]  On balance, these factors weigh in favor of staying, though not dismissing, Pal's federal suit during the pendency of her state suit.

---

[29] *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) (quoting *Colorado River*, 424 U.S. at 817).

[30] *Colorado River*, 424 U.S. at 817 (internal quotation marks and alteration omitted).

[31] *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

[32] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 560 U.S. 1, 16 (1983).

### A.      Pal's state and federal actions are sufficiently parallel to warrant abstention.

In *Nakash v. Marciano*, the Ninth Circuit held that "exact parallelism" between the state and federal actions "is not required" to warrant abstention; "[i]t is enough if the two proceedings are 'substantially similar.'"[33]  When the "federal action is but a 'spin-off' of more comprehensive state litigation," courts should be "particularly reluctant to find that the actions are not parallel."[34]  Pal argues that her state and federal suits are dissimilar, largely because each dispute seeks different remedies for different causes of action.[35]  The record belies her assertion because Pal plainly seeks the same remedies in federal court that she seeks in the state court and her "new" claims derive from her "old" ones.  As early as 2013, Pal sought the "return and restitution of the money which belongs to her" from Hafter.[36]  After voluntarily dismissing those counterclaims in 2018, Pal sought to reassert them against the defendants in 2019—requesting the return and sequestration of attorneys' fees because of the defendants' "professional negligence and malpractice, breach of fiduciary duty, breach of duty of good faith and fair dealing, fraud[sic]  conversion, unjust enrichment[,] etc."[37]  In 2019 and 2020, she asserted identical claims to this suit in various probate matters, again largely seeking the return of the attorneys' fees retained by Hafter's estate.[38]  And in her current state court appeal, Pal argues that the district court erred by "refus[ing] to order" the defendants to "return [Pal] her money"

---

[33] *Nakash v. Marciano*, 882 F.2d 1411, 1416 (citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)).

[34] *Id.* at 1417 (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695–96 (7th Cir. 1985)).

[35] ECF No. 26 at 6.

[36] *See, e.g.*, ECF No. 6 at 38.

[37] *Id.* at 164.

[38] *See, e.g.*, *id.* at 230 (creditor-claimant filing seeking "an injunction that prevents any further transfer of money, funds, assets, or property" by the Hafter defendants); 187 (same).

and "place disputed money into a trust account."[39]  It is thus readily apparent that her state and federal actions are sufficiently parallel to warrant consideration of *Colorado River* abstention.

**B.    The *Colorado River* factors weigh in favor of a stay.**

Factor one—which is "dispositive" and focuses on whether the state or federal court has jurisdiction over any property at issue[40]—weighs decisively in favor of abstention.  While money "is not the sort of tangible physical property referred to in *Colorado River*,"[41] "[i]n proceedings *in rem* or *quasi in rem*, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed."[42]  And when a suit turns on both *in rem* and non-*in rem* claims that "involve the same question" and "could be resolved in [the] state court," the Ninth Circuit has "required" district courts to stay the federal action.[43]  Pal's complaint is just such a case.  Although she requests monetary damages, she indicts the "fraudulent transfer" of funds from a "reopened" "probate matter" to a new trust and also seeks injunctive relief, asking me to "prohibit" the "transfer" or "diver[sion]" of "assets, property, and income" in probate; and to order the "deposit" of those funds "into the custody of the court."[44]  Because "probate in Nevada is in the nature of an 'in rem' proceeding"[45] I stay the federal action.

---

[39] *See Pal v. Estate of Jacob Hafter*, Nos. 67473, 67473-COA, 80478-COA (Nev. Ct. App. May 21, 2020).

[40] *40235 Wash. Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992).

[41] *Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).

[42] *40235 Wash. Street Corp.*, 976 F.2d at 589.

[43] *Montanore Mins.*, 867 F.3d at 1167 (internal quotation marks and alteration in original omitted).

[44] ECF No. 1 at ¶¶ 35–38, prayer for relief.

[45] *Bergeron v. Loeb*, 675 P.2d 397, 400 (Nev. 1984).

Even if factor one were not dispositive, factors three, four, and seven also weigh in favor of a stay.  With respect to factor four, neither party meaningfully disputes that the state court first exercised jurisdiction in this matter.  And factors three and seven—which, respectively, refer to the likelihood of piecemeal litigation and suspected forum shopping—are certainly applicable to Pal's suit.  Piecemeal litigation "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."[46]  As noted above, Pal's "state case has progressed far beyond [her federal] case"[47] and involves identical issues and similar claims.  Thus, "it would be highly inefficient to allow the federal litigation to proceed,"[48] and could result in inconsistent and contrary rulings.[49]  And while I am hesitant to hold that Pal is forum shopping, I am troubled by her litany of parallel filings in state, federal, and probate courts, all of which appear to seek the same remedies from the same defendants.[50]  So these factors counsel abstention.

Finally, while factor eight may weigh slightly in favor of retaining federal jurisdiction, the remaining factors do not.  Factor two, which refers to the inconvenience of the forum, is

---

[46] *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (quoting *Am. Int'l Underwriters*, *Inc.*, 843 F.2d at 1258) (internal quotation marks omitted).

[47] *Nakash*, 882 F.2d at 1415; *see also Madonna*, 914 F.2d at 1369 (reasoning that a *Colorado River* stay may be appropriate where there is a "'vastly more comprehensive' state action that can adjudicate the rights of many parties or the disposition of much property").

[48] *Id.*

[49] Pal's invocation of *United States v. Morros* does not compel a contrary result.  ECF No. 26 at 7–8.  The *Morros* court reversed a federal court's attempt to abstain from hearing federal-law questions in favor of state-court proceedings.  *U.S. v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). That is not the case here, which exclusively involves state-law claims first raised in state court.

[50] *See, e.g.*, *Nakash*, 882 F.2d at 1417 ("Apparently, after three and one-half years, Nakash has become dissatisfied with the state court and now seeks a new forum for their claims.  We have no interest in encouraging this practice.").

"irrelevant" in this case because "the federal and state forums are located in [the same place]."[51]
And factors five and six are "unhelpful" to my analysis and do not weigh in favor of maintaining
federal jurisdiction because this suit raises no federal questions and arises under state law,[52]
which the Nevada court is certainly equipped to hear.[53]  With respect to factor eight, while Pal
accurately points out that her new federal claims in this court are distinct from those in her state
court action,[54] these new federal claims arise from and turn entirely on whether the defendants
wrongfully withheld or transferred the money she paid Hafter.  That issue is currently before the
Nevada appellate court.  Thus, holding these claims in abeyance pending state-court adjudication
serves efficient and just judicial administration.

## Conclusion

IT IS THEREFORE ORDERED that **this case is STAYED.**  Once the *Pal v. Estate of
Jacob Hafter* proceedings have concluded, any party may move to lift this stay.

---

[51] *R.R. Street & Co.*, 656 F.3d at 979.

[52] In seeking to avoid a stay, Pal argues that this case "may be subject to the substantive laws of
New Jersey."  ECF No. 26 at 9.  That argument merely reinforces that this case arises under state
law and that her "new" claims against the defendants—which allegedly refer to actions taken in
Nevada during the pendency of her state-court suit—are merely an extension of her "old" claims
against Hafter.  *See* ECF No. 6 at 82 ("Due to the substantial relationship both [Pal] and [Hafter]
have with the State of New Jersey and not with Nevada, the [c]ourt [finds] that New Jersey
substantive law will apply to the current case.").

[53] *Madonna*, 914 F.2d at 1370 ("[Factor six] involves the *state* court's adequacy to protect
*federal* rights, not the federal court's adequacy to protect state rights . . . .  This factor, like
choice of law, is more important when it weighs in favor of federal jurisdiction.") (quoting
*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) (internal
quotation marks and citations omitted)).

[54] ECF No. 26 at 6.  There is also some question as to whether these new claims against the
Hafter defendants might run afoul of Nevada's rules governing compulsory counterclaims.  *See*
Nev. R. Civ. P. 13.

IT IS FURTHER ORDERED that the pending motions to dismiss and to stay discovery **[ECF Nos. 6, 12] are DENIED** without prejudice to their refiling within 20 days of the order lifting the stay. **The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 17, 2020